ENTERED
11/16/2007

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JOHN HARRIS, | ) ) | CASE NO. 07-34495-H3-13 |
| Debtor, | ) ) | |

### MEMORANDUM OPINION

The court has held a confirmation hearing on the "Uniform Plan and Motion for Valuation of Collateral" (Docket No. 45) filed by Debtor on November 6, 2007. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered confirming the plan. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

John Harris ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 2, 2007. William E. Heitkamp is the Chapter 13 Trustee.

Debtor filed the instant plan on November 6, 2007. Select Portfolio Servicing ("SPS"), the servicer of the debt on Debtor's homestead, objects to the plan, for the reason that the plan does not provide for interest upon interest on SPS's claim.

On February 24, 2006, Debtor executed an adjustable rate note, in the original principal amount of $126,000, payable to New Century Mortgage Corporation.  (Exhibit A).  SPS is the servicer of the note.  The note provides in pertinent part:

> Interest will be charged on unpaid principal until the full amount of Principal has been paid.  I will pay interest at a yearly rate of 9.375%. The interest rate I will pay may change in accordance with Section 4 of this Note.  The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

(Exhibit A).

Concurrently with executing the note, Debtor executed a deed of trust with regard to the property.  The deed of trust "secures to Lender (i) the repayment of the Loan, an all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."  The Deed of Trust states that "'Loan' means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest."

The parties stipulated to admissibility of the note and deed of trust.  The parties did not present any extrinsic evidence as to their intent, and did not seek to do so.

### Conclusions of Law

In <u>Rake v. Wade</u>, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), the Supreme Court held that when a Chapter 13

debtor proposes to cure a default on a home mortgage, the mortgage creditor is entitled to interest on the mortgage arrearages, i.e., interest on interest, even if such interest is not provided in the note and mortgage between the parties.

In 1994, Congress amended § 1322(e) of the Bankruptcy Code.  That section provides that the amount necessary to cure a default in a chapter 13 plan "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e).

The legislative history of § 1322(e) states that the amendment has the effect of overruling Rake v. Wade.  H.R. Rep 103-384, 103d Cong., 2d Sess. 39 (Oct. 4, 1994); 140 Cong. Rec. H10770 (Oct. 4, 1994).

Thus, the dispute between the parties in the instant case centers upon the question of whether the agreement between the parties provides for interest upon interest.

State law provides the rules governing the process of interpreting contracts.  River Prod. Co. v. Webb (In re Topco, Inc.), 894 F.2d 727 (5th Cir. 1990).

Under Texas law, whether a contract is ambiguous is a question of law for the court to decide.  If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous.  Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280 (Tex. 1996).

3

If, however, the language of the contract is uncertain or it is susceptible to two or more reasonable interpretations, it is ambiguous. <u>National Union Fire Ins. Co. v. CBI Indus., Inc.</u>, 907 S.W.2d 517 (Tex. 1995); <u>Coker v. Coker</u>, 650 S.W.2d 391 (Tex. 1983).

The determination is made by looking at the contract as a whole in light of the circumstances present at the time the contract was executed. The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. <u>National Union Fire Ins. Co. v. CBI Indus.</u>, 907 S.W.2d, at 520.

If a contract is ambiguous, in the absence of other parol evidence to ascertain the true intent of the parties, the contract may be construed against its drafter. <u>See</u> <u>Lopez v. Munoz, Hockema & Reed, L.L.P.</u>, 22 S.W.3d 857 (Tex. 2000).

Under the doctrine of the last antecedent, a qualifying phrase is said to modify the words or clause immediately preceding it and is not to be construed as extending to or including others more remote. <u>Stracener v. United Servs. Automobile Ass'n</u>, 777 S.W.2d 378 (Tex. 1989).

In the instant case, the provisions of the note and deed of trust, read together, are not ambiguous. The second occurrence of the words "plus interest" in the definition of "Loan" in the deed of trust modifies the clause "all sums due

under this Security Instrument," rather than the more remote clause providing for interest on the note.  Moreover, even if the definition of the word "Loan," in the deed of trust were ambiguous, the contract will be construed against its drafter.  The court concludes that SPS is not entitled to interest on interest in the instant case.

Based on the foregoing, a separate Judgment will be entered confirming the plan.

Signed at Houston, Texas on November 16, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE